UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:14-CR-115-DPJ-LRA

MICHAEL THOMAS MCLEMORE

ORDER

This closed criminal case is before the Court on two motions filed by Defendant Michael Thomas McLemore. On June 22, 2017, McLemore filed a motion to amend the judgment nunc pro tunc to reflect the correct sentence-commencement date. Mot. [174]. On August 15, 2017, he filed a document entitled Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [178].[1] Although styled as a § 2241 petition, the caption of that document associated the filing with this criminal matter, and it was not accompanied by a civil cover sheet or the $5 filing fee for a stand-alone habeas petition. *See* 28 U.S.C. § 1914. So the Court construes it as a second motion for a nunc pro tunc amendment to the Court's judgment.

On May 12, 2015, McLemore pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine, and on December 16, 2015, the Court sentenced him to a term of 260 months imprisonment. Judgment [150] at 2. The Court also ordered a $1,500 fine with payment to begin immediately and $50 monthly payments to commence after McLemore's release from imprisonment. *Id.* at 5, 6. McLemore now complains that the Federal Bureau of Prisons ("BOP") computed the start date of his sentence incorrectly. He asks the Court to amend its judgment to reflect a sentence-commencement date of September 11, 2014. Mot. [174] at 2.

---

[1] At this time, the Court's denial [172] of McLemore's earlier-filed § 2255 motion [161] is on appeal. *See* Notice of Appeal [173].

He also asks that the Court amend the judgment to provide that "all fines and assessment[s] are to begin after release from federal custody." Mot. [178] at 5. Finally, he asks for a copy of the transcript of the sentencing hearing. *Id.*

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." But the Attorney General—not the district court—"compute[s] the credit under § 3585(b)." *United States v. Wilson*, 503 U.S. 329, 334 (1992). So a motion to modify the sentence is not the proper vehicle for McLemore's request with regard to the sentence-commencement date. *Cf.* 18 U.S.C. § 3582(c) (delineating limited bases for modifying an imposed term of imprisonment); Fed. R. Crim. P. 35(a) (permitting amendment to "correct a sentence that resulted from arithmetical, technical, or other clear error," provided that the correction occurs "[w]ithin 14 days after sentencing").

Instead, McLemore may challenge the computation of his sentence-commencement date by "first 'seek[ing] administrative review of the computations of [his] credit, and . . . then pursu[ing] judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010), *aff'd*, 566 U.S. 231 (2012) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)) (additional citations omitted). There is no indication that McLemore pursued his administrative remedies with the BOP pursuant to 28 C.F.R. §§ 542.10–542.16. *See id.* In fact, McLemore has told the Court he believes exhaustion would "be time consuming and fruitless." Mot. [178] at 2. If McLemore wishes to pursue this further, he should exhaust and, if dissatisfied, file a separate § 2241 habeas petition.

McLemore has also asked the Court to amend the judgment to reflect that the fine is not payable until after he is released from imprisonment. Assuming but not deciding that the Court

2

has jurisdiction to do so, the Court declines to amend the terms of the fine.  Contrary to McLemore's recollection, the Court at sentencing pronounced that the fine would be payable immediately and during incarceration.  The judgment correctly reflects the fine as imposed.

Finally, believing that the sentencing-hearing transcript would confirm his contention that the Court "pronounced that [his] sentence was to commence on the day [he] was indicted," McLemore asks for a copy of the transcript.  Mot. [174] at 1.  But the Court has reviewed the transcript from the sealed sentencing hearing, and the Court told McLemore and his attorney then what it says again now:  the Attorney General and the BOP calculate the credits for time served to which an inmate is entitled.

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant Michael Thomas McLemore's Motions [174, 178] are denied.  The Clerk of Court is directed to mail Defendant a copy of the necessary forms to file a § 2241 petition.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE